IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUHAMMAD MUQADDAR JAVAID,

    Plaintiff,   No. CIV S-07-0386 FCD GGH PS

    vs.

ALLIED-BARTON SECURITY SERVICES,   ORDER
BARTON PROTECTIVE SERVICES, INC.,

    Defendant.

_____/

    On May 25, 2007, plaintiff filed a "Notice of Unavailability" stating he is unable "to meet with Defendant's First Interrogatories to Plaintiff, and Defendant's First Request for Production of Documents to Plaintiff, Due to Health reasons effecting his availability Until July 15, 2007."

    On June 4, 2007, sole defendant AlliedBarton Security Services LP[1] filed a "Response in Opposition" to plaintiff's "Notice," explaining that the discovery at issue was served May 4, 2007, and plaintiff's Notice is merely the latest of his repeated statements of unavailability and failure to respond to defendant's attempts to meet and confer; in addition,

---

[1] Defendant states it is misidentified in plaintiff's documents as "Allied-Barton Security Services" and "Barton Protective Services, Inc."

1

plaintiff has not served his Initial Disclosures.  Defendant's counsel, Jonathan D. Loegel, has filed a declaration recounting his unsuccessful efforts to communicate with plaintiff.  Defendant notes its willingness to work with plaintiff on impending deadlines but seeks the court's intervention in plaintiff's unilateral management of this case.

Regardless of its purpose in state court, plaintiff's "Notice of Unavailability" is not recognized by the Federal Rules of Civil Procedure as a means for altering deadlines.  Under the Federal Rules, absent a stipulation of the parties or order upon application, answers to interrogatories and responses to production requests are due within 30 days after service.  See Fed. R. Civ. P. 33(b)(3) and 34(b).  Initial disclosures are due within 14 days of the parties conferring pursuant to Fed. R. Civ. P. 26(f).  See Fed. R. Civ. P. 26(a)(1)(E).

The court will therefore construe plaintiff's "Notice" as an Ex Parte Request to Extend Time pursuant to E. D. Cal. L. R. 6-144(e).  However, because such a request may be granted only upon affidavit "that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such stipulation cannot be obtained and the reasons why the extension is necessary," id., and plaintiff's singular reference to unspecified "health reasons" fails to satisfy these requirements, the request will be denied.

Accordingly, plaintiff's request to extend time filed May 25, 2007, is hereby DENIED.

Nonetheless, due to the exigencies of the discovery at issue and the passage of time, the court makes the following order.  IT IS HEREBY ORDERED that plaintiff shall, on or before Friday, July 6, 2007, serve upon defendant plaintiff's answers to Defendant's First Set of Interrogatories, and plaintiff's responses to Defendant's First Request for Production of Documents, including all documents to be produced.  Also by July 6, 2007, plaintiff shall serve

\\\\\

\\\\\

\\\\\

upon defendant all initial disclosures contemplated by Fed. R. Civ. P. 26 that have not already been served.  The court will not further extend these dates.

        IT IS SO ORDERED.

DATED: 6/15/07                        /s/ Gregory G. Hollows

                                      GREGORY G. HOLLOWS  
                                      U. S. MAGISTRATE JUDGE

GGH5:Java0386.disc